IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-CR-4004-LTS |
| | ) | |
| vs. | ) | |
| | ) | |
| KIM PHUONG TAYLOR, also known as | ) | |
| "KIM TAYLOR," | ) | **TRIAL – November 13, 2023** |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S TRIAL MEMORANDUM

## I. PRE-TRIAL STATEMENT AS TO THE STATUS OF THE CASE

**(a)** The case against defendant, Kim Phuong Taylor, also known as "Kim Taylor," is set for jury trial on November 13, 2023, in the United States Courthouse in Sioux City, Iowa.

**(b)** It is anticipated there will be approximately 20 government witnesses. Defendant anticipates calling approximately 3 to 6 witnesses. The estimate of the probable duration of the trial is 10-13 days, including jury selection.

**(c)** Defendant is not detained.

**(d)** A Vietnamese-speaking interpreter is required in this matter for some of the government's witnesses. The government will provide an interpreter at trial.

**(e)** Defendant is charged in Counts 1-26 of the Indictment with false information in registering and voting, aiding and abetting, in violation of Title 52,

1

United States Code, Section 10307(c) and Title 18, United States Code, Section 2.

Defendant is charged in Counts 27-29 of the Indictment with fraudulent registration, aiding and abetting, in violation of Title 52, United States Code, Section 20511(2)(A) and Title 18, United States Code, Section 2. Defendant is charged in Counts 30-52 of the Indictment with fraudulent voting, aiding and abetting, in violation of Title 52, United States Code, Section 20511(2)(B) and Title 18, United States Code, Section 2.

**(f) <u>Counts 1-26</u> Title 52, United States Code, Section 10307(c) provides:**

> Whoever knowingly or willfully gives false information as to his name, address or period of residence in the voting district for the purpose of establishing his eligibility to register or vote, or conspires with another individual for the purpose of encouraging his false registration to vote or illegal voting, or pays or offers to pay or accepts payment either for registration to vote or for voting shall be fined not more than $10,000 or imprisoned not more than five years, or both: *Provided, however*, That this provision shall be applicable only to general, special, or primary elections held solely or in part for the purpose of selecting or electing any candidate for the office of President, Vice President, presidential elector, Member of the United States Senate, Member of the United States House of Representatives, Delegate from the District of Columbia, Guam, or the Virgin Islands, or Resident Commissioner of the Commonwealth of Puerto Rico.

**The essential elements of Counts 1-26 are as follows[1]:**

1. That the defendant gave false information as to a name, address or period of residence in the voting district for the purpose of establishing eligibility

---

[1] *See* Jud. Comm. on Model Jury Instrs. for the Eighth Cir., Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 3.09 (2022 ed.) (adapted); 52 U.S.C. § 10307(c); *see also* Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 592 (2020 Online Edition).

2

to register or vote;

2. That the defendant did so in a general, special, or primary election held solely or in part to elect a federal candidate; and

3. That the defendant acted knowingly or willfully.

### 1. **The Defendant Gave False Information**

Signing another voter's name on voting materials, with or without their permission, constitutes giving false information where state law does not permit proxy voting. *See United States v. Smith*, 231 F.3d 800, 814-15 (11th Cir. 2000). There is no provision in Iowa law that permits proxy voting. *See e.g.* Iowa Code §39.3(17) (2023) (providing "[a] signature, when required by law, must be made by the writing or markings of the person whose signature is required.") Only in instances of a *physical* disability can another person sign on behalf of the person whose signature is required by law. *See* Iowa Code §39.3(17) (emphasis added).

In addition, the use of real voters' names to register to vote, obtain absentee ballots, and mark and vote absentee ballots, constitutes providing false information because the person filling out the form in the name of another uses the names of real voters and not the name of the person filling out the forms to obtain access to the vote. *Cf. United States v. Boards*, 10 F.3d 587, 589 (8th Cir. 1994) (finding that the defendants' use of the names of real voters constituted giving false information because the form falsely implied that the voter, and not the defendants, were the ones that would vote a ballot).

3

Providing false information on an absentee ballot application also violates § 10307(c). *Boards*, 10 F.3d at 589. In *Boards*, the Eighth Circuit held that "[a]n absentee ballot application is a 'vote' under the Voting Rights Act's broad definition because an absentee voter must first apply for an absentee ballot as a 'prerequisite to voting.' Thus, § [10307]'s prohibitions include absentee ballot applications." *Id.* 2.

**2. <u>During An Election Held Solely or In Part to Elect A Federal Candidate</u>**

Where the government alleges the defendant provided false information on voter registration forms, the government does not need to prove the defendant's acts occurred during an existing federal election. Providing false information on voter registration forms, regardless of when it occurred in relation to a federal election, satisfies this element because registering to vote in Iowa allows citizens to vote in future federal elections. *See Smilowitz*, 974 F.3d at 160; ELECTION LAW VIOLATIONS, 59 AM. CRIM. L. REV. 609, 637 (Madeline Alagia ed. 2022) (describing how all states use unitary voter registration). In contrast, where the government alleges the defendant provided false information on voting materials (absentee ballot applications and ballots), the government must prove that a federal candidate was on the ballot in the election at issue. *See, e.g, United States v. Carmichael*, 685 F.2d 903, 908 (4th Cir. 1982); *United States v. Howard*, 774 F.2d 838, 843 (7th Cir. 1985); *United States v. Cole*, 41 F.3d 303, 306 (7th Cir. 1994).

**3. <u>Knowing and Willful</u>**

An act is done "knowingly" if the defendant is aware of the act and does not act

4

through ignorance, mistake, or accident. *See Ei*ghth Circuit Manual of Model Jury Instructions (Criminal) § 7.03, comments (2022 ed.); *see also United States v. Hansen*, 791 F.3d 863, 872 (8th Cir. 2015) ("the model instruction[] represents 'an accurate statement of the law.'")

"Willful" is a "word of many meanings," and "its construction [is] often . . . influenced by its context." *Ratzlaf v. United States*, 510 U.S. 135, 141, (1994), citing *Spies v. United States*, 317 U.S. 492, 497 (1943). "Most obviously it differentiates between deliberate and unwitting conduct, but in the criminal law it also typically refers to a culpable state of mind." *Id.* In *Ratzlaf*, the Supreme Court found that in the context of structuring, the government needed to prove the defendant knew of his legal obligation and that his conduct was unlawful to prove willfulness. *Id.* at 149; *see also Cheek v. United States*, 498 U.S. 192, 201 (1991). Subsequent to *Ratzlaf*, in *Bryan v. United States*, 524 U.S. 184 (1998), the Supreme Court adopted a more relaxed definition of the word "willfully" as used in a firearms trafficking statute, requiring only that the defendant had a generalized knowledge that his conduct was unlawful. *Id.* at 196. The Court distinguished *Bryan* from *Cheek* and *Ratzlaf*, noting that those cases involved "highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct." *Id.* at 194.

The present case does not implicate a highly technical statute, and the standard adopted in *Bryan* is therefore the appropriate measure of willfulness in this case. Giving false information, such as forging the signature of another person under

5

penalties of perjury, is not easily misunderstood. The obvious wrongfulness of signing the name of another person on a legal voting document neutralizes the risk of convicting any innocent actors. *See also United States v. Benton*, 890 F.3d 697, 715 (8th Cir. 2018), judgment corrected (May 15, 2018) (finding there was no abuse of discretion when the trial court declined to instruct the jury that the definition of "willful" was an intentional violation of a known legal duty in regard to charges of false statements and campaign finance violations).

This element also renders a jury instruction on "good faith" unnecessary. "Jury instructions are acceptable if, taken as a whole, they adequately apprise the jury of the essential elements of the offenses charged and the burden of proof required of the government." *United States v. Brown*, 478 F.3d 926, 928 (8th Cir. 2007). For the government to prevail at trial, it must prove that the defendant knew her conduct was unlawful. This is the antithesis of a good-faith defense that the defendant acted with honest intentions. *See United States v. Sherer*, 653 F.2d 334, 338 (8th Cir.1981) (defining a good faith defense). Accordingly, there is no need to include a good faith instruction because it is simply the absence of willfulness.

**(g) <u>Counts 27-52</u> Title 52, United States Code, Section 20511(2), provides:**

> A person, including an election official, who in any election for Federal office . . . knowingly and willfully deprives, defrauds, or attempts to deprive or defraud the residents of a State of a fair and impartially conducted election process, by (A) the procurement or submission of voter registration applications that are known by the person to be materially false, fictitious, or fraudulent under the laws of the State in which the election is

6

held; or (B) the procurement, casting, or tabulation of ballots that are known by the person to be materially false, fictitious, or fraudulent under the laws of the State in which the election is held. . . shall be fined in accordance with title 18 (which fines shall be paid into the general fund of the Treasury, miscellaneous receipts (pursuant to section 3302 of title 31), notwithstanding any other law), or imprisoned not more than 5 years, or both.

**The essential elements of Counts 27-29 are as follows[2]:**

1. The defendant procured or submitted voter registration applications that were materially false, fictitious or fraudulent under Iowa law;

2. The defendant knew that the voter registration applications were materially false, fictitious or fraudulent;

3. The voter registration applications were produced or submitted in any election for federal office; and

4. The defendant knowingly and willfully deprived, defrauded or attempted to deprive or defraud the residents of Iowa of a fair and impartially conducted election process.

---

[2] *United States v. Prude*, Case No. 2:05-cr-162 (ED Wis.), Docket No. 27; 52 U.S.C. § 20511(2)(A); Peter J. Henning & Lee J. Radek, *The Prosecution and Defense of Public Corruption: The Law and Legal Strategies,* § 10.05 (Mathew Bender & Company, Inc. 2022 Ed.).

1. **Voter Registration Applications That Were Materially False, Fictitious or Fraudulent Under Iowa Law**

Under Iowa law, in the case of registering to vote by mail, a separate voter registration form must be signed by each individual registrant under penalties of perjury. *See* Iowa Code Iowa Code §§ 39.3(17); 48A.8; 48A.11(l) and (m) (2023). A voter registration form that is signed by an individual falsely certifying that he or she is the registrant signing the form is false, fictitious, or fraudulent under Iowa law.

2. **The Defendant Knew That the Voter Registration Applications Were Materially False, Fictitious or Fraudulent**

A statement or representation is "false" or "fictitious" if any part of it is untrue when made, and then known to be untrue by the person making it or causing it to be made. *See* United States v. Prude, Case No. 2:05-cr-162 (ED Wis.), Docket No. 27. A statement or representation is "fraudulent" if any part of it is known to be untrue, and made or caused to be made with the intent to deceive. *Id.*

A statement or representation is "material" if it has a natural tendency to influence, or is capable of influencing, the person or entity to whom it was made. *United States v. Wodtke*, 951 F.2d 176, 178 (8th Cir.1991). However, whether a statement or representation is "material" does not depend on whether the person or entity was actually deceived. *See United States v. Johnson*, 937 F.2d 392, 396 (8th Cir. 1991); *Blake v. United States*, 323 F.2d 245, 247 (8th Cir. 1963).

8

**3. The Voter Registration Applications Were Produced or Submitted In Any Election For Federal Office**

*See* Section I(f)(2), above.

**4. To Deprive Or Defraud The Residents Of Iowa Of A Fair And Impartially Conducted Election Process**

To "deprive or defraud the residents of Iowa of a fair and impartially conducted election process" means that the defendant acted in a manner intended to deceive or mislead election officials into accepting a registration that the defendant knew to be defective under Iowa law. *See United States v. Prude*, Case No. 2:05-cr-162 (ED Wis.), Docket No. 27.

**The essential elements of Counts 30-52 are as follows**[3]**:**

1. The defendant procured, cast or tabulated a ballot that was materially false, fictitious or fraudulent under Iowa law;

2. The defendant knew the ballot was materially false, fictitious or fraudulent;

3. The ballot was cast in any election for federal office; and

4. The defendant knowingly and willfully deprived, defrauded or attempted to deprive or defraud the residents of Iowa of a fair and impartially conducted election process.

---

[3] *United States v. Prude*, Case No. 2:05-cr-162 (ED Wis.), Docket No. 27; 52 U.S.C. § 20511(2)(A); Peter J. Henning & Lee J. Radek, *The Prosecution and Defense of Public Corruption: The Law and Legal Strategies,* § 10.05 (Mathew Bender & Company, Inc. 2022 Ed.).

9

1. **<u>A ballot that was materially false, fictitious or fraudulent under Iowa law</u>**

Under Iowa law, "a signature, when required by law, must be made by the writing or markings of the person whose signature is required." *See* Iowa Code § 39.3(17) (2023). Under Iowa law, an absentee ballot application must include "the name and signature of the registered voter." *See* Iowa Code §53.2(4)(a)(1) (2023). Further, after marking an absentee ballot, Iowa law provides that "the voter shall make and subscribe to the affidavit on the affidavit envelope or on the return envelope marked with the affidavit . . ." before mailing or delivering the ballot. *See* Iowa Code §53.16 (2023). A ballot form that is signed by an individual falsely certifying that he or she is the voter signing the form is false, fictitious, or fraudulent under Iowa law.

2. **The Defendant Knew The Ballot Was Materially False, Fictitious Or Fraudulent**

*See* Section I(g)(2), above.

3. **The Ballot Was Cast in Any Election For Federal Office**

*See* Section I(f)(2), above.

4. **The Defendant Knowingly and Willfully Deprived, Defrauded Or Attempted To Deprive Or Defraud The Residents Of Iowa Of A Fair And Impartially Conducted Election Process**

*See* Section I(g)(4), above.

## II. EVIDENTIARY ISSUES

**(a) Prior Statements by Defendant** – The government may introduce statements made by the defendant prior to the investigation, during the course

10

of the investigation, and following her arrest.

**(b)** **Intrinsic and 404(b) Evidence** – As noted in its motion *in limine*, (Docket No. 48), the government intends to admit evidence of a fraudulent voting scheme that concerns three categories of evidence: 1) Voting documents and testimony related to uncharged conduct for the same voters whose voting documents form the basis for the charges in the Indictment; 2) Voting documents and testimony related to uncharged conduct for the family members of voters whose voting documents form the basis for the charges in the Indictment; and 3) Voting documents and testimony related to uncharged conduct regarding other voters that is similar to the charged conduct. The government asserts that this evidence is intrinsic and/or admissible pursuant to Federal Rule of Evidence 404(b). *Id.* The defendant disagrees. (Docket No. 49). The government will conform its evidence to the Court's ruling.

**(c)** **Prior Statements of an Unindicted Co-Conspirator** – The government intends to introduce evidence of prior statements by an unindicted co-conspirator, defendant's spouse, Jeremy Taylor. This evidence is admissible at trial pursuant to Federal Rule of Evidence 801(d)(2)(E). *United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir. 1978). Specifically, it is anticipated that other candidates for office, Rocky DeWitt and Chad Sheehan, will testify at trial that Jeremy Taylor said he had a "lock" on a substantial number of votes from the Vietnamese community in Sioux City, Iowa ahead of either the primary or

11

general elections in 2020. Sheehan is expected to testify that Jeremy Taylor told him that he (Jeremy Taylor), the Defendant, and another person were going to the Vietnamese community and helping them fill out their ballots. Jeremy Taylor told Sheehan that if he made a donation to Jeremy Taylor's primary campaign, then Jeremy Taylor would get Sheehan between 500-700 votes from the Vietnamese community. Sheehan did not make a donation to Jeremy Taylor's campaigns. DeWitt is also expected to testify that Jermey Talyor told DeWitt that he (Jeremy Taylor) had influence over 700 Vietnamese voters.

In addition, voter witnesses, Hai Nguyen and his daughter Anh Nguyen, are expected to testify that Jeremy Taylor came with the Defendant sometimes to collect voting documents. Hai Nguyen is expected to testify that both Jeremy Taylor and the Defendant helped him with voting documents. Hai Nguyen is also expected to testify that he completed voting documents on behalf of family members, including documents for his granddaughter Yen Nguyen, which are the basis for Counts 16, 17, 18, 19, 28, 44, 45, and 46 of the Indictment. Huong Nguyen is also expected to testify that she met Jeremy Taylor when he came to pick up voting documents that the Defendant had helped her fill out. The Woodbury County Auditor Patrick Gill is also expected to testify that he observed Jeremey Taylor dropping off voting material at the ballot dropbox with the Defendant.

12

This evidence constitutes out-of-court declarations by a co-conspirator that are admissible against the Defendant if the government demonstrates by a preponderance of the evidence "(1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the declaration was made during the course and in furtherance of the conspiracy." *Id.*; *United States v. Engler*, 521 F.3d 965, 972 (8th Cir. 2008). The government need not have charged a conspiracy to admit statements by a co-conspirator. *United States v. Lewis*, 759 F.2d 1316, 1339 (8th Cir. 1985) ("[T]he defendants need not be charged with conspiracy to invoke the coconspirator exception to the hearsay rule.")

Pursuant to the procedures outlined in *Bell*:

(1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice.

*Bell*, 573 F.2d at 1044. To mitigate any improper prejudice to the Defendant or

13

a waste of judicial resources, the government proposes proffering the witnesses' testimony outside of the presence of the jury and subsequently requesting a ruling on the existence of a conspiracy in advance of trial.

**(d)** **Prior convictions of defendant** – The government is not aware of any admissible prior criminal convictions for defendant.

**(e)** **Prior convictions of witnesses** – None of the government's witnesses, law enforcement or otherwise, have admissible criminal convictions.

**(f)** **Stipulations** – The parties have stipulated that the voting documents related to the victim voters charged in the Indictment are admissible by agreement. At this time, the government does not anticipate any other stipulations at trial.

### III. PRE-TRIAL OPENING STATEMENT

#### A. Patrick Gill

It is anticipated that Woodbury County Auditor Patrick Gill will testify that in Iowa, anyone who wishes to obtain an absentee ballot must first be registered to vote in the state of Iowa. They must then fill out an official Absentee Ballot Request Form. When the voter fills out this form, they are requesting that a ballot be mailed to them at a particular address. The voter then receives the ballot along with a voter affidavit. They can then vote the ballot, sign the voter affidavit, and either mail it to the county board of elections or deposit it into one of the county's drop boxes. Gill will also testify that the registrant and/or voter must sign their own voting forms.

It is anticipated that Gill will further testify that during the 2020 election

14

cycle, the first reports of potential voter fraud in this instance involved two absentee ballots that were submitted during the November 2020 general election, neither of which had been signed nor completed by the individuals whose names were on the ballots.

### B. Huong Nguyen Family

Huong Nguyen (Huong) resides in Sioux City, Iowa and does not read or write English fluently. Huong is the mother of two adult children, Tam and Thien Doan. It is anticipated that Huong will testify that in 2020, Kim Taylor visited Huong's residence on multiple occassions and assisted her in completing Huong's voting documents. While there, Kim Taylor also completed or filled out Voter Registration Forms, Absentee Ballot Request Forms, and Absentee Ballots for both Tam and Thien. Huong is also expected to testify that Kim Taylor did not translate the forms for her and that she told her it was okay to sign for her children. Tam and Thien will also testify that they had no knowledge Kim Taylor had filled out these documents and they did not give their mother, Huong, permission to sign Voter Registration Forms, Absentee Ballot Request Forms, and Absentee Ballot Affidavits on their behalf. Tam and Thien will testify that they only learned of what their mother had done when they tried to vote themselves and were told that they had already cast a vote.

### C. My Do Family

My Do (Do) is the mother of adult children Minh Nhat Pham (Nhat) and Minh

15

Tan Do Pham (Tan). Do resides in Sioux City, Iowa and she cannot read or write in English fluently. It is anticipated that the evidence at trial will show that while Do wanted Kim Taylor's assistance with voting, Kim Taylor also completed many voting forms without Do's full understanding. The evidence will also show that Kim Taylor registered and voted for Nhat and Tan without them having any knowledge she was doing so. It is anticipated that Do will testify that Kim Taylor was present and watched Do sign Nhat's and Tan's names on voting documents. It is further anticipated that both Nhat and Tan will testify that they have never voted, never requested an absentee ballot, and never authorized anyone to vote on their behalf.

### D. Hai Nguyen Family

Hai Nguyen (Hai) resides in Sioux City, Iowa. Hai is the father of Phong Nguyen (Phong) and Anh Nguyen (Anh), and the grandfather of Yen Nguyen (Yen). It is anticipated that Hai will testify that he can speak and read "a little bit" of English. It is anticipated that Hai will testify that Kim Taylor completed many forms for Hai's family members without Hai's full understanding. During the 2020 elections, Kim Taylor personally visited Hai's residence multiple times and completed or assisted in filling out Voter Registration Forms, Absentee Ballot Request Forms, and Absentee Ballots for Hai, Phong, Anh, and Yen. The evidence will show that Kim Taylor never translated the documents for Hai or anyone else. After visiting Hai, Kim Taylor took these voting documents with her. Some of the voting documents Kim Taylor collected from Hai were blank or unsigned. It is anticipated that Yen will

16

testify that she had never voted and that she never gave anyone permission to fill out voting materials for her.

### E. Nhieu Huynh Family

Nhieu Huynh (Nhieu) is the father of Nguyen Huynh (Nguyen). Nhieu and Nguyen reside in Sioux City, Iowa. It is anticipated that the testimony from these witnesses will show that Kim Taylor completed an Absentee Ballot Request Form and Absentee Ballot for Nheiu's son, Nguyen, without Nhieu's full understanding and that she failed to translate the documents for him.

### F. Tri Lam Family

Tri Lam (Tri), now deceased, is the father of Hang Lam (Hang) and the grandfather of Andy Luu (Andy) and Anthony Luu (Anthony). It is anticipated that Tri's family members will testify that Kim Taylor assisted non-English speaking family members, including Tri, in filling out various voting documents even though they did not fully understand what they were signing. The evidence will show that Kim Taylor failed to translate the documents for the Lam family members. It is specifically anticipated that the evidence will show that Kim Taylor registered and voted for both Andy and Anthony without either of them having any knowledge she was doing so.

It is anticipated that Hang and/or Hoang will testify that Kim Taylor helped fill out and collect voting documents for Hang, Hoang, Andy, and Anthony. It also anticipated that both Andy and Anthony will say that they have never voted in any

17

election or have ever given anyone permission to vote for them.

### G. Other Witnesses

The government intends to call its case agent, Special Agent Matt Murphy of the Federal Bureau of Investigation, former election workers Erica Tuttle and Karen Craig, former Woodbury County Board Supervisor, Justin Wright, and other members of the Vietnamese community from Sioux City identified in discovery. These witnesses may all have relevant knowledge about this matter that may need to be presented to the jury at trial.


Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: /s/ *Ron Timmons*

RON TIMMONS
Assistant United States Attorney
600 4th Street, Suite 670
Sioux City, IA   51101
(712) 255-6011
(712) 252-2034 (Fax)
Ron.Timmons@usdoj.gov

COREY R. AMUNDSON
Chief, Public Integrity Section

By: */s/ Richard B. Evans*

RICHARD B. EVANS
LAUREN CASTALDI
Trial Attorneys
Public Integrity Section
U.S. Department of Justice
(202) 514-1412
(202) 514-3003 (Fax)
Richard.B.Evans@usdoj.gov
Lauren.Castaldi@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

18

BY: */s/ Lauren Castaldi*